BARNUM, Respondent, vs. MOLDENHAUER, Appellant.

*December 13, 1923—March 11, 1924.*

*Appeal: Trial of consolidated actions: Judgment in one action only:
Reversal.*

Where plaintiff's action for a balance due on the price of cor-
poration stock sold to defendant was consolidated with an
action by defendant for a partnership accounting, a judgment
based on the submission of the issue in the first action only
must be reversed and the cause remanded because the ac-
counting issue of the consolidated action has never been
tried.  p. 202.

APPEAL from a judgment of the circuit court for Wau-
paca county: BYRON B. PARK, Circuit Judge.  *Reversed.*

For the appellant there was a brief by *Adolph G. Schwefel*
of Milwaukee, attorney, and *John C. Hart* of Waupaca, of
counsel, and oral argument by *Mr. Schwefel.*

For the respondent there was a brief by *R. H. Morris,*
and oral argument by *Mr. Morris* and *Mr. Llewellyn Cole,*
both of Clintonville.

The following opinion was filed January 15, 1924:

OWEN, J.  For some years prior to December 28, 1916,
plaintiff and defendant were the proprietors of a weekly
newspaper and did a general job-printing business at Clin-
tonville.  Difficulties arose between the partners, and on
December 28, 1916, the defendant brought an action against
the plaintiff for a partnership accounting and dissolution of
the partnership.  In March, 1917, a corporation was organ-
ized under the name of the Clintonville Publishing Com-
pany, and to this corporation the partnership transferred the
paper and other physical assets of the partnership.  This
was done to prevent any interruption in the issuance of the
paper in case of the appointment of a receiver of the part-
nership assets.  The corporation issued to each of the part-
ners thirty-five shares of the capital stock thereof of the

par value of $100 each.  No intangible assets of the partnership, such as outstanding accounts, etc., were transferred to the corporation.  On the 4th day of August, 1917, the plaintiff sold to the defendant his thirty-five shares of stock in the corporation for the agreed sum of $3,500.  One thousand dollars was paid in cash, and it was agreed that defendant would pay $500 on the 15th day of August, 1917, and the remaining $2,000 on September 1, 1917.  The $500 was paid as per agreement.  The $2,000 was never paid.

In October, 1921, plaintiff brought this action to recover said $2,000.  An order consolidating this latter with the accounting action was made June 19, 1922.  Thereafter the consolidated action was brought on for trial before a jury. The evidence on the part of the defendant tended to show that after the commencement of the action for an accounting an expert accountant had been employed who had audited the partnership books; that he made a report showing that the plaintiff had drawn out of the partnership a sum considerably in excess of the amount drawn out by the defendant; that at the time of the sale of the corporate stock by plaintiff to defendant, defendant suggested that a settlement should be had between them with reference to the partnership accounts, and that any sum which the plaintiff was owing the defendant by reason of partnership transactions should be deducted from the amount which the defendant had agreed to pay the plaintiff for the corporate stock; that the plaintiff contended at that time that the audit of the accountant, showing that the plaintiff had drawn out of the partnership business an amount substantially in excess of that drawn out by the defendant, was incorrect, and that he could readily demonstrate such fact; that plaintiff agreed to make an audit of the partnership accounts, in association with defendant's son, for the purpose of showing that he was not indebted to the defendant on account of the partnership accounts.  It was conceded that this latter accounting had never been made, and the question litigated on the trial

was whether plaintiff had in fact agreed to make such an accounting.

A single question was submitted to the jury, by answer to which the jury found that plaintiff had not agreed to make such additional accounting. Judgment was thereupon entered in favor of the plaintiff for $2,000, with interest.

Appellant claims that the judgment should be reversed because the accounting issue of the consolidated action has never been tried. That this is so seems plain. There is no question but that the defendant agreed to pay the plaintiff $3,500 for plaintiff's stock in the corporation. It is perfectly plain, also, that this transaction did not involve in any way the partnership accounts, as they had not been transferred to the corporation. Plaintiff's own testimony shows this without any dispute. He testified that he simply sold his corporate stock for $3,500 and retained his interest in any accounts due the partnership. The defendant's evident position in the trial was that the $2,000 was not due because plaintiff had not made the additional accounting according to his alleged agreement. When the jury found that this agreement had not been made, it simply meant that the defendant was owing the plaintiff $2,000 on the purchase price of the corporate stock. The question of the accounting, however, between the partners has never been tried. It is plain that the accounting situation presents a substantial controversy which the defendant is entitled to have tried before any judgment is entered against him in this action.

It must be confessed that the defendant's answer to the complaint of the plaintiff is very vague and confusing, and it appears from the memorandum of the learned circuit judge that the attorneys did not have a very clear conception of the real issues to be tried. A consideration of the whole record, however, plainly reveals that the accounting issue has not been tried, and that before judgment is entered against the defendant for the balance due on the purchase

First Nat. Bank v. Court, 183 Wis. 203.

price of the corporate stock an accounting should be had between the partners, and the defendant credited with any amount which may upon such accounting be found due him from the plaintiff. Because substantial issues have not been tried or determined, the judgment must be reversed, and cause remanded for further proceedings in accordance with this opinion.

*By the Court.*—So ordered.

A motion for a rehearing was denied, without costs, on March 11, 1924.